### SIMPSON *v.* THE STATE.

WITNESS.— *Child under Ten Years.*— *Competency.*—*Examination.*—Where the competency of a child under ten years of age as a witness is challenged, the decision of the court must be founded on the judge's own opinion derived exclusively from an examination made by him in public as a part of the trial.

SAME.—*Criminal Law.*—*New Trial.*—On the trial of an indictment for a rape, the prosecuting witness was a child only six years old at the time of the trial, sixteen months after the alleged offense. The competency of the witness being challenged, the court examined her, and, not being satisfied, appointed two gentlemen who retired with the child to a private room, and, after some time, returned and reported to the court, that, "in their opinion, her testimony ought to be heard, but received with great allowance;" whereupon she was allowed to testify over the defendant's objection.

*Held,* that for this action of the court the defendant was entitled to a new trial.

*Held,* also, that the court should have acted on its own judgment, upon a public examination when the defendant was present.

*Held,* also, that courts should be very cautious in admitting as witnesses children of such tender years.

APPEAL from the Greene Circuit Court.

FRAZER, J.—This was an indictment for a rape. There was a conviction upon a plea of not guilty. The only error assigned is the overruling of a motion for a new trial. The prosecuting witness was a child only six years old at the time of the trial. The offense charged occurred some sixteen months before. The competency of the witness being challenged, the court examined her, and, not being satisfied, appointed two gentlemen who retired with the child to a private room, and, after some time, returned and reported to the court, that, "in their opinion, her testimony ought to be heard, but received with great allowance;" whereupon she was allowed to testify over the defendant's objection. This action cannot be sustained. The court should have acted on its own judgment upon a public examination when the defendant was present. *Prima facie,* the child was incompetent and could not testify. The court might, however, examine her, and upon such examination develop-

ing sufficient intelligence might, from the facts thus elicited, determine upon her competency and allow her to testify. 2 G. & H. 169, sec. 239. This determination is judicial; the examination is a part of the trial, must be public, and must be made by the court. The decision must be founded upon the opinion of the judge from the examination which he makes. It cannot be referred to somebody else to do this; nor can the judge be guided by the opinion of such referee; but he must act upon his own opinion.

In the case before us, the only fair interpretation of the record is, that the judge was not satisfied from his own examination that the witness was competent, and that his decision was therefore influenced, to some extent at least, by the opinion of those whom he had appointed to examine the child. That opinion should not have been taken, and should, when taken, have had no influence. If we could say that the court decided the question exclusively upon the facts elicited by its own examination, possibly we could not reverse the cause on account of its decision; for some members of the court would be in doubt, making allowance for the better opportunities of the judge below who had the child personally present and might justly gain impressions as to her intelligence, as well by her appearance and manners as by the words of her answers to him. But such was not the fact; and we must therefore order a new trial.

The interests of justice undoubtedly require that the courts should be very cautious in admitting as witnesses children of such tender years.

Judgment reversed, and new trial ordered.

*E. E. Rose* and *E. H. C. Cavins,* for appellant.

*D. E. Williamson,* Attorney General, for the State.