Smith v. The State.

No. 16,538.

## SMITH v. THE STATE.

CONTINUANCE.—*Affidavit for.*—*Criminal Prosecution.*—*Employment of Counsel* —*Engagement of Counsel.*—*Diligence.*—An affidavit for a continuance in a criminal cause is insufficient which alleges as a ground for the application that the defendant was arrested and placed in jail the day after the commission of the offence, and has remained in confinement from that time until the filing of the affidavit; that he has been without means to employ counsel, or prepare for trial, and that he did not employ counsel until the present term of the court (the term at which the indictment was returned), but which fails to show any change in the defendant's pecuniary condition, whereby it was easier for him to procure counsel at the time of the return of the indictment than at the time of the arrest. The affidavit also failed to show sufficient excuse for not preparing for trial after the employment of counsel in alleging that the attorneys employed by the affiant had since the employment been engaged in other suits pending in the same court, and had been unable to look after his defence or make any preparation whatever therefor.

SAME.—*Absence of Witnesses.*—*Materiality of Testimony.*— *What Affidavit must Show.*—When an affidavit for a continuance is based on the absence of witnesses, it is not sufficient, after setting forth the facts expected to be proved by the absent witnesses, to aver that the testimony sought will be material. The affidavit must show wherein it is material.

CRIMINAL LAW.—*Assault and Battery with Intent.*—*Proof of Specific Acts of Violence by Injured Party.*—In a prosecution for assault and battery with felonious intent, it was not error for the court to refuse to permit the defendant to prove that eight or nine years prior to the commission of the offence for which he was indicted, the injured party used a knife upon the victim, and that knowledge of this fact was brought to the defendant prior to the difficulty for which he was on trial. The evidence offered was inadmissible because proof of commission of specific acts of violence by the injured party prior to the difficulty could not be introduced in evidence. And in addition to this it was inadmissible on account of the remoteness in time.

From the Washington Circuit Court.

*S. H. Mitchell* and *R. B. Mitchell*, for appellant.

*A. G. Smith*, Attorney General, *W. T. Branaman*, Prosecuting Attorney, and *F. L. Prow*, for the State.

MILLER, J.—The appellant was indicted, tried and convicted of an assault and battery with felonious intent.

The first specification in the assignment of errors calls in question the ruling of the court in refusing to grant the defendant a continuance of the case. Two reasons for a postponement of the trial were stated in the affidavit—one because of want of time and opportunity to prepare for trial; the other because of the absence of witnesses.

The affidavit shows that the alleged crime was committed on the 3d day of October, 1891; and that the defendant was arrested and placed in jail the next day, and therein confined up to the filing of the affidavit; that from the time of his arrest and incarceration he had been without means to employ counsel or prepare and look up his defence to the charge; that he had no counsel employed to defend him until the present term of this court, and about the 9th day of December, 1891; that at the last term of this court a firm of attorneys appeared for him, when he was arraigned on affidavit and information filed in the cause, but counselled him no further in the matter, and received no employment from him; that, having no means, he has been without counsel or assistance of any kind, except as above stated, until the 9th day of December, when the indictment was returned; that he has now employed said firm of attorneys, but that since their employment this court has been in session continuously, and his attorneys have been engaged in other suits pending in said court, and have been unable for want of time to look after his defence or make any preparation whatever therefor; that the place where the said alleged crime is said to have been committed is in the town of Little York, a distance of sixteen miles from this county seat, where affiant has been confined in jail, and that most of his witnesses reside in and about said town; that he has had no opportunity to look up his said witnesses and

counsel with them, or the means with which to have others to do so. Said affiant further says that he has a good legal and valid defence to said charge contained and set forth in the indictment herein, and will, he believes, be prepared to present the same by the next term of this court.

Subsequent portions of the affidavit refer to the absence of witnesses, and need not be noticed in this connection.

We are of the opinion that the court did not err in refusing to continue the trial of the cause upon the showing above set forth.

It does not appear but that the appellant might have procured the services of counsel upon his first incarceration as easily as upon the return of the indictment two months afterward, no change having taken place in his financial condition. If without means to employ an attorney, the court doubtless would, upon a proper showing, have appointed some one competent to prepare and manage his defence.

Over two and one-half months intervened between the commission of the crime and the time fixed for trial. The exercise of ordinary diligence would have enabled the appellant to have procured the services of some one skilled in the law, and not too busy to prepare his case for trial. Neither does the affidavit show proper diligence in the preparation for trial after the return of the indictment and employment of counsel. The fact that his attorneys were engaged in other suits pending in court was no excuse for an entire want of preparation for this one. If such was the case suits of this class would seldom be promptly tried.

If his attorneys were so engaged as to render them unable by the exercise of due diligence to make preparation for trial, their own affidavits would have been better evidence of the fact. *Burchfield* v. *State*, 82 Ind. 580.

The subsequent portion of the affidavit asks a continuance because of the absence of witnesses.

We are satisfied that the affidavit was not sufficient to require the court to order a continuance of the cause on this ground.

The facts proposed to be established by the testimony of the absent witnesses were in substance: That on the day of, and prior to the shooting for which the defendant was indicted, William B. Garriott, the injured party, was intoxicated, and made threats against the appellant, which were communicated to the appellant. Also, that when intoxicated Garriott was quarrelsome and dangerous.

The affidavit contains the general statement that " the evidence expected to be obtained from said witnesses is material." It also states " that he has a good, legal and valid defense to said charge." No other showing is made of the materiality of the evidence for which the continuance is asked.

This is not a sufficient showing of the materiality of the evidence. In *Hubbard* v. *State*, 7 Ind. 160, the rule is thus stated: " It is not sufficient to aver that the testimony sought will be material. Of that the court must judge, and facts enough must be stated to show the connection between the testimony sought, and the case to be tried." Other cases are to the same effect. *Gordon* v. *Spencer*, 2 Blackf. 286; *Moody* v. *People*, 20 Ill. 315; *Steele* v. *People*, 45 Ill. 152.

If the absent witnesses had been present at the trial, their evidence could only have been received in connection with the claim that the shooting was done in self defence, (*Bowlus* v. *State*, 130 Ind. 227; *Rauck* v. *State*, 110 Ind. 384; *Boyle* v. *State*, 97 Ind. 322; *Horback* v. *State*, 43 Tex. 242), and after evidence has been given showing that the required person has made, or was about to make, a violent assault upon the defendant. *Cannon* v. *People*, (Ill.) 30 N. E. R. 1027.

No intimation was given in the affidavit that the defendant relied upon or expected to give evidence showing that he acted in self defence.

The defendant offered to prove that eight or nine years prior to this difficulty the injured party used a knife upon the witness, and that knowledge of this fact was brought to the defendant prior to the difficulty for which he was on trial.

Proof of the commission of specific acts of violence by the defendant prior to the difficulty could not be introduced in evidence, for this would necessarily involve inquiry as to the circumstances surrounding each of such occurrences, and the trial of cases would thus be greatly extended, and the issues so multiplied as to tend to create confusion in the minds of the jury.

In addition to this, the evidence offered was inadmissible on account of remoteness in time.

Some other offers to prove occurrences many years prior to the difficulty were made by the defendant and ruled out by the court. What we have above said sufficiently disposes of the questions thus raised.

We have examined the evidence, and are of the **opinion** that it sustains the verdict of the **jury**.

Judgment affirmed.

