THE STATE OF UTAH, Respondent, v. JAMES
    MORGAN (Whose true name is ABRAHAM R.
    MAJORS), Appellant.

### No. 1351.   (74 Pac. 526.)

1. **Criminal Law: Transcript of Evidence at Preliminary
    Examination: Failure to File: Evidence.**
    Revised Statutes 1898, section 4670, subdivision 5, providing that
        when the testimony in a preliminary hearing is taken down
        in shorthand by a stenographer appointed by the magistrate
        he shall, if defendant is held to answer, within 10 days after
        the examination transcribe his notes, and file the same
        with the clerk of the district court of the county, together
        with the original notes, and that the transcript when so
        made and certified shall be prima facie a correct statement
        of the testimony in the poceedings, does not make the tran-
        script evidence *per se*, or make the trial depend upon its
        having been filed.

2   **Same:  Continuance.**
    The granting of a continuance in a criminal case is a discre-
        tionary matter, and refusal thereof is reversible error only
        when prejudice therefrom is clearly shown.

3.  **Same: Affidavits for Continuance: Sufficiency.**
    Where, in his affidavit for a continuance to obtain a transcript
        of the stenographer's notes of the testimony at the prelim-
        inary examination, an accused avers that he is informed
        and believes that the testimony of some of the witnesses
        at such examination was contradicted by them at a former
        trial, but it does not appear that any of the witnesses con-
        tradicted such testimony in their evidence at the trial
        sought to be postponed, there is no showing of prejudice
        arising from the refusal of the continuance, so as to re-
        quire a reversal.

4.  **Same.**
    Where, on an application for the continuance of a criminal trial
        in order that a transcript of the stenographer's notes of the
        testimony at the preliminary examination might be ob-
        tained, it appears that 17 months elapsed between a former
        trial and the one sought to be postponed, and that nearly
        3 months before the latter trial defendant's counsel re-
        quested that the case be set for trial on that date, and it
        was averred that the stenographer was absent from the
        State, but that the transcript could be obtained in about
        2 months, but when he left the State was not shown, there

State v. Morgan.

was no such showing of diligence as to make a refusal of the continuance ground for reversal.

5. **Same: Instructions: Relationship of Witnesses: Credibility.**

On a criminal trial, in instructing that the jury are the sole judges of the credibility of the witnesses, etc., and that it is their right to determine from the appearance of the witnesses, their manner of testifying, their apparent candor or frankness or the lack thereof, their apparent intelligence, etc., which are most worthy of credit, it is not error to add that in determining the weight to be given to their testimony the jury are authorized to consider their relationship to the parties when the same is proved.[1]

6. **Same: Sufficiently Comprehensive: Not Error to Refuse to Instruct Further.**

Where, in a criminal case, the instructions given are fair and comprehensive, covering the whole case, and submitting it properly to the jury, it is not error for the trial court to refuse to instruct further.[2]

(Decided December 15, 1903.)

Appeal from the First District Court, Box Elder County.—*Hon. C. H. Hart,* Judge.

The defendant was convicted of murder in the second degree and sentenced to life imprisonment. From the judgment of imprisonment, he appealed.

Affirmed.

*A. J. Weber, Esq., Frederick T. McGurrin, Esq.,* and *Clyde Shropshire, Esq.,* for appellant.

*Hon. M. A. Breeden,* Attorney-General, and *Hon. W. R. White,* Deputy Attorney-General, for the State.

BASKIN, C. J.—At a former trial the defendant was on the twelfth day of May, 1899, convicted of murder in the first degree, and subsequently sentenced to be shot on the seventh of July of that year. The judgment on appeal of this court was affirmed, and the case remanded, with directions to execute the sentence in ac-

[1] United States v. Bassett, 5 Utah 131, 13 Pac. 237.
[2] State v. Haworth, 24 Utah 398, 425, 68 Pac. 155.

cordance with law.  22 Utah 162, 61 Pac. 527.  After the remittitur reached the trial court, an order was made and entered requiring the sheriff to execute the judgment on the seventh day of August, 1900.  On that day the defendant, in pursuance of the notice thereof previously given, made a motion to vacate said order and grant a new trial, on the ground of the misconduct of two of the jurors who participated as such in the trial of the case, discovered after the affirmation of the judgment by this court.  From the final judgment overruling said motion the defendant again appealed, and this court reversed the judgment, and remanded the case for a new trial.  23 Utah 212, 64 Pac. 356.  Upon the second trial the defendant was convicted of murder in the second degree, and sentenced on October 8, 1901, to imprisonment for life.  The present appeal is from the final judgment rendered on that trial.

The first ground of error assigned is the refusal to grant a continuance on defendant's motion therefor. The motion is based upon the affidavits hereinafter mentioned, all of which were made and filed September 6, 1901.  In the affidavit of A. J. Weber he deposed as follows: "That he is one of the attorneys for the defendant in the above-entitled action; that about one week ago he went to Brigham City, Utah, and requested the county clerk of Box Elder county to procure for the affiant a transcript of the testimony given at the preliminary examination of this defendant; that said county clerk at said time was unable to find said transcript in his office, and that he promised this affiant to make a further and thorough search for the same; that thereafter, to-wit, on September 3, 1901, a subpoena was issued out of this court for said county clerk, commanding him to bring all of the records, papers, documents, and files connected with the above-named cause, and that he appear with them in this court September 6, 1901; and that said clerk, in obedience to said subpoena, has so appeared in court, but states that he was unable to find said transcript of such evidence.  Affiant on informa-

tion and belief further states that the testimony of said preliminary examination was taken in shorthand by one Seeger, and that affiant obtained this information for the first time on the fifth day of September, 1901. Affiant is further informed and believes that said Seeger is now on a mission in Germany, and that said transcript of his notes so taken at said preliminary examination can be obtained in about two months from this date; that the defendant can not safely proceed to trial without said transcript, and that defendant's substantial rights will be prejudiced by going to trial without said transcript. Affiant further says that this application is not made for mere delay, but it is made in good faith, and that justice may be done, and that the defendant may have a fair trial.''

In the affidavit of A. R. Majors he deposed as follows: ''That he is the defendant in the above-entitled cause; that he can not safely proceed to trial for the reason that it has been impossible for the defense to procure the transcript of the testimony taken at the preliminary examination of this defendant; that such testimony and the transcript thereof are material evidence and that they are necessary at this trial; that this affiant is informed and believes that the testimony given by some of the witnesses at such preliminary examination was contradicted by them upon the trial of this case had in the district court of Box Elder county. And this affiant is informed and believes that it would be unsafe for him to proceed at this time to the trial of this case without the transcript of the testimony given by the witnesses at the said preliminary examination.''

The affidavit of F. T. McGurrin in substance covers the same ground as the two hereinbefore set out. He also, in substance, deposed that he was first employed as an attorney by the defendant to assist in the trial of said case about two weeks before the said sixth day of September, and that he believed the testimony taken at the preliminary examination had been reduced to writing, and filed with the clerk, as required by the

statute, until informed on or about the first of September by his associate, A. J. Weber, that said testimony in writing could not be found on file in the clerk's office, and that afterwards he was informed by the clerk that it was neither filed nor in his office; that he (the affiant) on the day he made his affidavit first learned that the testimony at the preliminary examination was taken down in shorthand by one Seeger, but whether or not the same was reduced to writing, affiant has been unable to learn; that he has been informed that what purports to be the shorthand notes taken down by Seeger is now in the custody of the clerk; that affiant is a stenographer of experience, and from his knowledge of shorthand, in his opinion, said notes could not be read or transcribed by any stenographer other than the said Seeger; that affiant is informed and believes that the said Seeger is absent, temporarily, from the State, and expects to return, but when affiant is unable to say; that his postoffice address can be ascertained, and a written transcript of said testimony can be obtained by sending the notes so taken to the said Seeger and have him transcribe and return the same, so that they may be filed with the clerk as provided by law; and that, if the defendant is granted a continuance, the said testimony can be obtained within 60 days from the date hereof.

In cases of homicide it is in substance, provided by subdivision 5, section 4670, Rev. St. 1898, that, when the testimony in a preliminary hearing is taken down in shorthand by a stenographer appointed by the magistrate, he shall, if the defendant is held to answer the charge, within 10 days after the close of the examination, transcribe his shorthand notes of the testimony into longhand, file the same with the clerk of the district court of the county in which the examination was had, and file the original notes with such clerk, and that the transcript of the shorthand notes, when so made and certified by the stenographer as being a correct statement of the testimony and proceedings in the case, shall be prima facie a correct statement of the tes-

timony and proceedings. The statute does not provide that the transcript shall be evidence *per se,* or make the trial depend upon the filing of the same. If filed, its availability as evidence, as held in Thiede v. Utah Territory, 159 U. S. 513, 16 Sup. Ct. 63, 40 L. Ed. 237, under provisions the same as those under consideration, is "simply this: that, as such a transcript is by the statute made prima facie a correct statement of the testimony and proceedings at the preliminary examination, if the defendant wishes to impeach any witness by proof of contradictory testimony at such examination, it is convenient to have on file that which is prima facie such testimony." The granting of continuances in both civil and criminal cases is a matter within the sound discretion of the trial court, and the refusal to grant a continuance is reversible error only when it is clearly shown that the applicant has been prejudiced thereby. It is not so shown in the case at bar by the affidavits upon which the application in question is based, because the absent transcript could have been used as evidence by the defendant only to impeach the witnesses for the State, whose testimony at the trial in respect to some relevant and material matter, as shown by the transcript, contradicted the testimony given by such witnesses at the preliminary hearing. In the affidavit of the defendant he says "that he is informed and believes that the testimony of some of the witnesses at the preliminary examination was contradicted by them" upon the former trial, but it is not stated in any of the affidavits that any of the said witnesses referred to, or any other witness who testified at the second trial, contradicted the testimony given at the preliminary examination. It does not, therefore, appear, even if the transcript had been on file, that any witness could have been contradicted thereby. A continuance will not be allowed on affidavits which are indefinite, and fail to state facts which show that the evidence sought is material in the case to be tried (Smith v. The

State, 132 Ind. 145, 31 N. E. 807; Moody v. The People, 20 Ill. 316; Steele v. People, 45 Ill. 152; State v. Pagels, 92 Mo. 300, 4 S. W. 931), and that other evidence of the facts which the applicant desires to produce does not exist, or is not attainable (4 Ency. Pl. & Pr., 807).   In all of the foregoing particulars the affidavits in the case at bar are insufficient.

Again, the defendant was not ignorant of the fact that at the preliminary hearing a stenographer was appointed by the magistrate, and that the testimony was taken down by him in shorthand.  He heard the testimony at the preliminary hearing and the first trial, and if the testimony of any witness who testified on both of these occasions was contradictory in respect to any matter detrimental to him, he was apprised of the importance of the transcript, and should have, therefore, in apt time, before the second trial, caused the necessary steps to be taken to procure a transcript of the testimony at the preliminary examination, or the attendance of the stenographer with his notes. It appears from the record that about 17 months elapsed between the first and second trial and that at the request of counsel for defendant, made in open court, an order was made on the eleventh day of June, 1901, setting the case down for a second trial on the 6th day of September of that year, and it does not appear that any effort whatever was made to procure the transcript or the attendance of the stenographer.   Nor does it appear when the stenographer left the State.  To entitle the defendant to the continuance applied for he should in addition to the requirements before mentioned, have shown that he used due diligence to procure the evidence sought.   4 Ency. Pl. & Pr., 854.  The affidavits upon which the defendant relies do not show that he used due diligence; nor does it clearly appear from the record that he has been prejudiced by the refusal to grant the continuance.

The thirty-ninth instruction given by the court is as

follows: ''You are the sole judges of the credibility of the witnesses, of the weight of the evidence, and of the facts. It is your right to determine from the appearance of witnesses on the stand, their manner of testifying, their apparent candor or frankness or the lack thereof, their apparent intelligence or the lack thereof, which witnesses are more worthy of credit, and to give weight accordingly. In determining the weight to be given to the testimony of the witnesses you are authorized to consider their relationship to the parties, when the same is proved, their interest, if any, in the event of the suit, their temper, feeling, or bias, if any has been shown, their demeanor on the stand, their means of information, and the reasonableness of the story told by them, and, to give weight accordingly.'' Exception was taken to the following portion of said instruction, viz: ''In determining the weight to be given to the testimony of the witnesses you are authorized to consider their relationship, when the same is proved.'' In the case of the United States v. Bassett, 5 Utah 131, 138, 13 Pac. 237, an instruction substantially the same as the one under consideration, and in which this language occurred: ''You are the sole judges of the facts, of the credibility of the witnesses, and of the weight of the evidence, and in determining the credibility of the witnesses and the weight of the testimony you should take into consideration the appearance of the witnesses upon the stand, their apparent candor or the want of candor, their interest in the outcome of the case, their relation to the parties interested in any way, and all the facts and circumstances surrounding the witnesses''—was, without dissent, sustained in the opinion delivered by Mr. Chief Justice Zane. Under that decision, which is approved by us, the exception in question is not tenable.

Defendant's counsel requested the court to give each of the 24 instructions presented by them. A few were given as requested, others were modified and given, and some were refused. The modifications and refusals by the court were excepted to and as-

signed as error. The instructions given by the trial court were fair and comprehensive. They covered the whole case, and submitted it properly to the jury. When such is the case, it is a settled rule of law in this court that it is not error for the trial court to refuse to instruct further. State v. Haworth, 24 Utah 398, 425, 68 Pac. 155.

As the other assignments are less plausible, it is only necessary to further say that, after a careful examination of the record, we are satisfied that no reversible error is shown.

It is ordered that the judgment be affirmed, and that the case be remanded for further proceedings in accordance with law.

BARTCH, and McCARTY, JJ., concur.