E. J. WILKINSON, Trustee, Respondent, v. ANDER-
SON-TAYLOR COMPANY, a Copartnership
Composed of JOSEPH ANDERSON, STANLEY
TAYLOR and S. F. TAYLOR, Appellant.

No. 1567.    (79 Pac. 46.)

1.  Bankruptcy:  Preference:  Suit to Recover:  Instruct-
ions.            \
In an action by a trustee in bankruptcy to recover a preference,
a charge that plaintiff must establish that the bankrupt was
insolvent at the time of the transactions complained of;
that the result of the preference was to give defendants a
greater percentage of their claim than any other creditor of
the same class; that defendants had reasonable cause to be-
lieve that such was intended, and that such transactions
occurred within four months of the filing of the petition in
bankruptcy; and that all such facts must be established by
preponderance of the evidence (which phrase was ex-
plained); together with a further instruction defining "in-
solvency" in the language of Bankruptcy Act July 1, 1898,
c. 541, section 1, subd. 15, 30 Stat. 544 (U. S. Comp. St. 1901,
p. 3419), as insufficiency of the debtor's property to pay
his debts—fairly covered the entire case, and properly sub-
mitted it to the jury.

2.  Same.
When the instructions given are fair and cover the entire case,
and properly submit it to the jury, it is not error to refuse
to instruct further.[1]

(Decided December 31, 1904.)

Appeal from the Third District Court, Salt Lake
County.—Hon. C. W. Morse, Judge.

Action by plaintiff as trustee in bankruptcy to re-
cover certain sums paid out by the bankrupt. From
a judgment in favor of the plaintiff, the defendant ap-
pealed.

[1] State v. Morgan, 27 Utah 103, 74 Pac. 526; State v. Haworth, 24
Utah 398, 68 Pac. 155.

AFFIRMED.

*H. A. Smith, Esq.,* for appellant.

It is the right of the party to have the jury instructed on the law applicable to the case clearly and pointedly so as to leave no reasonable grounds for misapprehension or mistake. And it is the duty of the judge when requested, to give, in his charge, any requested instruction which he knows is a proposition of the law and which is applicable to the issues. 11 Ency. Pl. and Pr., 213; U. S. v. Cannon, 4 Utah 149; Muldouney v. Railroad, 32 Iowa 176; 32 Con. 75.

The province of instructions from the court is to inform the jury what the law is, connected with the case in hand and show them how to apply it to the particular facts involved. State v. Levigne, 17 Nev. 441. In preparing instructions each party may assume any reasonable hypothesis in relation to the facts and ask the court to declare the law as applicable to it. People v. Taylor, 36 Cal. 267; Davis v. Russell, 52 Cal. 611.

Technical terms should be defined . . . and when an instruction fails to do so it is error of the court to refuse a request to define such words. 11 Ency. of Pl. and Pr., 203-4; Lagow v. Glover, 77 Tex. 452; Stratton v. Railway, 95 Ill. 32.

A creditor dealing with a debtor whom he may suspect to be in failing circumstances, etc., may receive payments, or take security without necessarily violating the bankrupt law. Stucky v. Bank, 108 U. S. 74.

*W. R. Hutchinson, Esq.,* for respondent.

Respondent contends that all of the material allegations of his complaint are fully sustained by the evidence. That his right to recover from the defendants is based upon the law as fully set forth in the United States Bankruptcy Act of 1898. See 60A and 60B of said act. Brandenburg on Bank., pars. 946-7-8.

A preference of property includes the sale and every other definite method of disposing of or parting with property or the possession of property, it includes the transfer of all money as well as property, and any transfer of property by which one creditor obtains an advantage over others is a preference, and it does not matter that the motive is commendable. Brandenburg on Bank., par. 950.

The payment of money to apply on a debt past due is a transfer of property. Carson-Pierre-Scott & Co. v. Trust Co., 182 U. S. 438; Sherman v. Luckhart, 9 A. B. R., 312 Sup. Ct. Kansas. An intent to prefer is not required, but is conclusively presumed from the effect of the transaction in giving one creditor a greater per centage of his debt than any other creditor of like class. Brandenburg on Bank., p. 595, par. 950.

An action by a trustee in bankruptcy to recover an alleged preferential payment made by the insolvent bankrupt is not an action to recover on the ground of fraud. In such an action, the trustee must prove, in order that he may recover, that the alleged preferential payment to a creditor was made within four months before the filing of the petition in bankruptcy. That it was intended as a preference. That a person receiving it had reasonable ground to believe that it was so intended, and that the effect of such payment was to enable such creditor to obtain a greater per centage of his debt than other creditors of the same class. Baden v. Berkenshaw, Sup. Co. Kan., 11 A. B. R. 308.

Counsel contend that a creditor dealing with a debtor whom he may suspect to be in fair circumstances, may receive payments without violating the bankruptcy law, and cites in support of his contention Stuckey v. Bank, 108 U. S. 74. This case is not the law under act of 1898, the case cited was decided March 5, 1883, and could not apply.

BASKIN, C. J.—This is an appeal from a verdict and judgment of the district court of Salt Lake county

in favor of respondent and against appellants for the sum of $451.51 and costs. The facts of the case disclose that the respondent was appointed trustee in bankruptcy of the Star Grocery Company, of Salt Lake City, Utah, on October 26, 1901; that the appellants at that time were conducting a wholesale grocery business in the same city; that on the sixth of September, 1901, the Star Grocery Company was indebted to the appellants for goods purchased from appellants a short time before; that on that date Joseph Anderson, manager of the appellant copartnership, made demand upon said company for payment of the amount due; that he pressed the manager of said company for payment, and that finally the manager wrote out a check for $75, consenting that Mr. Anderson should take back some goods that had been delivered to them a few days before, and gave him an order on one Lew Knight for $136; that the next day the Star Grocery Company was attached, and its place of business closed up, and afterwards a petition in bankruptcy was filed against the company, and they were adjudicated bankrupt; that this suit was brought by the trustee to recover from the Anderson-Taylor Company the amounts so paid and received. During the progress of the trial, and in due time, the appellant requested the court to give the jury certain instructions. The court refused to give any of the instructions requested by the defendant, but, instead, gave other and different instructions. The appellants excepted to the refusal of the court to give the instructions requested. The appellants requested the court to instruct the jury that, before they could find the issues for the plaintiff, they must find that the payments made to the defendants by the Star Grocery Company were intended to enable the defendants to obtain a greater percentage of their debts than the other creditors, and that such intention was a material element. The court was also requested to instruct the jury that a person might not be able to pay his debts when they become due, and yet be perfectly solvent, and

that the mere fact that the Star Grocery Company was not able to meet its obligations in the ordinary course of business would not justify the jury in finding that the company was insolvent. The refusal of the court to give these requests is assigned as error.

Instead of the instructions so requested, the court instructed the jury that: "In order to entitle the plaintiff to recover in this action, he must establish by a preponderance of the evidence, first, that the Star Grocery Company was, at the time of the transactions complained of, insolvent; second, that the result of the transfers of money and property was to give to the defendants a greater percentage of their claim than any other creditor of the bankrupt of the same class; third, that the defendants, or one of them, had reasonable cause to believe that this result was intended; and, fourth, that such transactions occurred within four months of the filing of the petition in bankruptcy; and, in order to justify you in finding a verdict for the plaintiff, each and all of the propositions must be established by a preponderance of the evidence. By a 'preponderance of the evidence' is meant the greater weight of the evidence—that which is the more convincing as to its truth. It is not necessarily determined by the number of witnesses for or against a proposition, although all other things being equal, it may be so determined." The court further instructed, in the language of section 1, subdivision 15, of the bankrupt act of Congress of July 1, 1898, chapter 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3419], as follows: "A person or corporation is insolvent whenever the aggregate of its property, exclusive of any property conveyed, transferred, concealed or removed or permitted to be concealed or removed with intent to defraud, hinder or delay creditors, is not, at a fair valuation, sufficient in amount to pay its debts." Other instructions were also given, and to none of those given were any exceptions taken.

When the instructions given are fair, and cover the

entire case, and properly submit it to the jury, it is not error for the trial court to refuse to instruct further. This court so held in the cases of State v. Morgan, 27 Utah, 103, 74 Pac. 526, and State v. Haworth, 24 Utah, 398-425, 68 Pac. 155, and also in the numerous cases cited in State v. Haworth. We are of the opinion that the instructions in the case at bar were fair, and covered the entire case, and properly submitted it to the jury.

The evidence was sufficient to warrant the verdict rendered, and therefore the objection that the verdict is not supported by the evidence is not tenable.

The judgment is affirmed, with costs.

BARTCH and McCARTY, JJ., concur.