BUTLER *v*. STATE OF INDIANA.

[No. 28,702. Filed March 27, 1951.]

*Lawrence C. Ammon,* of Indianapolis, and *J. Creighton Ball,* of Danville, for appellant.

*J. Emmett McManamon,* Attorney General; *Frank E. Coughlin* and *John Ready O'Connor,* Deputy Attorneys General, for appellee.

DRAPER, J.—The appellant was charged by way of a grand jury indictment with raping a seven year old female child. See Burns' 1942 Replacement, § 10-4201. He waived jury trial, was tried by the court, and sentenced to a term of life imprisonment.

To reach the merits we must overlook certain procedural defects and the shortcomings of appellant's brief. Because of the nature of the offense charged and the severity of the penalty imposed, we shall consider and decide each question attempted to be raised by the appellant.

The appellant filed a motion for change of venue from the county based on general excitement, bias and prejudice alleged to exist against him in Hendricks County. The motion was overruled. In a case not punishable by death, the granting of a change of venue from the county in a criminal case is discretionary with the court. Burns' 1942 Replacement, § 9-1305. Unless there is an abuse of such discretion, the ruling of the trial court will not be disturbed. *Brattain* v. *State* (1945), 223 Ind. 489, 61 N. E. 2d 462; *Sammons* v. *State* (1936), 210 Ind. 40, 199 N. E. 555. No showing of general excitement, bias or prejudice was made or attempted to be made over and above the filing of the verified motion for change of venue, which was in the usual form. We have examined the record with great care, and can find nothing even slightly supportive of appellant's assertion that a situation existed

under which the refusal of a change of venue from the county amounted to an abuse of discretion.

At the time of trial the child was seven years old. She was permitted to testify concerning the appellant's conduct toward her on the date in question and on several previous occasions. By statute in this state children under ten years of age are not competent witnesses unless it appears that they understand the nature and obligation of an oath. Burns' 1946 Replacement, § 2-1714. In this case it appears that the child attended church and Sunday school about twice a month. She said she knew what it meant to tell the truth and understood that if she did not tell the truth the court would have to punish her; although she did not know what punishment would be inflicted. On direct examination she said she answered "yes" when the court "told all the witnesses to standup and tell the truth." On cross-examination, in answer to a leading question, she said she did not say anything when the court "gave the oath and asked the witnesses to tell the truth." The bill of exceptions, approved and signed by the trial judge, and filed by appellant, shows that she was duly sworn to testify the truth, the whole truth, and nothing but the truth. We cannot say that she was not properly sworn as a witness. We have carefully read the transcript. Her testimony, while extremely damaging to the appellant, was clear and direct, and her answers were responsive to the questions put to her. The grave responsibility for determining the competency of a child as a witness rests on the trial court. He alone has the opportunity to observe the child's attitude, appearance and manners, and judge of her intelligence and candor. When the trial court determines that a witness is competent, it would require a case of manifest abuse of discretion to authorize this court to interfere. *Tyrrel* v. *State* (1912), 177 Ind. 14, 97 N. E. 14;

*Batterson* v. *The State* (1878), 63 Ind. 531. We hold that the court did not err in hearing and according to her testimony such weight and credit as it seemed to merit.

During the progress of the trial the appellant orally moved for a continuance to procure the testimony of a Mr. Hadley. The trial court was not informed as to the nature of the testimony which appellant expected him to give. Applications for continuance are addressed to the sound discretion of the court, and it is not error for a trial court to refuse an application for a continuance where the evidence sought is not shown to be material to the case being tried. *Mack* v. *State* (1932), 203 Ind. 355, 180 N. E. 279, 83 A. L. R. 1349; *Smith* v. *The State* (1892), 132 Ind. 145, 31 N. E. 807. Mr. Hadley's name had been mentioned several times during the trial in a context which revealed that his testimony, if available, would be entirely collateral to the issue of appellant's guilt or innocence. It would necessarily have been hearsay except as to one fact which, whether true or not, could hardly have affected the result.

A motion was made and granted to separate the witnesses, but the little girl was permitted to remain in the courtroom with her mother. One rebuttal witness heard all of the testimony in the case, and several rebuttal witnesses were present when the prosecuting attorney discussed certain collateral phases of the case with the other rebuttal witnesses. The separation of witnesses at a trial is wholly within the discretion of the court. It is not required by statute or common law. It is granted not of right, but as a favor. When an order for separation is made, it is not improper to permit the prosecuting witness to be present during the examination of the other witnesses. If the order is violated, it is still within the discretion of

the court to permit the witness to testify. *Romary* v. *State* (1945), 223 Ind. 667, 64 N. E. 2d 22; *Coolman* v. *State* (1904), 163 Ind. 503, 72 N. E. 568; *Porter* v. *The State* (1850), 2 Ind. 435.

We think it was within the sound discretion of the court to permit this child of tender years to remain with her mother, in the courtroom, during the trial. Certainly in this case no harm is shown to have befallen the appellant because of it. The rebuttal witness who remained throughout the trial was the duly elected prosecuting attorney who prosecuted the case. He gave testimony which tended to impeach one of the witnesses for the defendant. He could not well have known in advance that a witness for the defense would give such testimony that it would become necessary and proper for him to testify concerning facts he had learned in his official capacity. He was a sworn officer of the court and entitled, in the discretion of the trial judge, to be heard. The record discloses that the trial court, in ruling on the question under consideration, had the applicable rules in mind and made his ruling carefully, and in the exercise of a sound discretion. We find no abuse of discretion in this regard.

It is not improper for the prosecuting attorney to interview the state's witnesses before they testify. The time, place and manner in which he does so, and in whose presence he does it, is largely a matter within his own discretion. His privilege in that respect might conceivably be abused, but no abuse of it is shown to have occurred here.

There remains the question of the sufficiency of the evidence to support the finding of guilty. The evidence shows that the appellant took the little girl from the trailer in which she lived to a dump in his truck. She testified in detail, in simple but graphic language, how the appellant there accomplished his

purpose. When he brought her home, her thighs and underclothing were bloody, and the doctor who examined her later the same evening testified the nature, extent and location of the laceration and the probable degree of penetration. It was not disputed that the girl was with the appellant from the time he took her from her home until he returned her there. We think it is unnecessary to recite the revolting details of this occurrence. Each of the elements of the crime, and the fact that the defendant committed it, is established by the evidence. The trial court heard and saw the witnesses. We have before us only the typewritten page. From a most careful reading of it we are constrained to say that in our opinion the finding is amply supported by the evidence. The case was carefully and fairly tried and determined. We find no reversible error.

Judgment affirmed.

NOTE.—Reported 97 N. E. 2d 492.