**Bruce BROWN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 31, 1974.

Rehearing Denied Sept. 13, 1974.

Anthony M. Wilhoit, Public Defender, Paul F. Isaacs, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Robert W. Riley, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENSON, Justice.

A Russell Circuit Court jury convicted Bruce Brown on one count of detaining a female (KRS 435.110) and one count of being an habitual criminal (KRS 431.190). Brown appeals from a sentence of life imprisonment. We affirm.

The prosecuting witness Sarah Brown, mother of the appellant, did not respond to questions of the Commonwealth's attorney. Her answers were "inaudible," and in one instance she answered: "I ain't aiming to answer that."

The county attorney then testified as to the statement made by Sarah Brown be-

**510**

fore the grand jury, and the Commonwealth's attorney testified as to statements made to him by Sarah Brown prior to the trial conforming to the statements made before the grand jury.

Bruce Brown argues that permitting the county attorney and the Commonwealth's attorney to testify constituted reversible error.

We adhere to the view stated in 149 A. L.R. 1305: "While the impropriety of permitting a prosecuting attorney to testify in a criminal case has been pointed out in a number of cases, there seems to be no question but that he is a competent witness. The fact that he is a prosecuting attorney does not make him incompetent as a witness." Letcher v. Commonwealth, 6 Ky. Law Rptr. 305, 13 Ky.Opin. 1 (1884), Bennett v. Commonwealth, 234 Ky. 333, 28 S.W.2d 24 (1930), and Robertson v. Commonwealth, 269 Ky. 317, 107 S.W.2d 292 (1937), are cited.

*Bennett,* supra, states at page 26:

"As to his testifying in the case, it may be said in general that, in the absence of a disqualifying interest, an attorney has always been regarded as a competent witness for his client. Nevertheless, it is a matter of delicacy and a practice not approved, except where the necessity of circumstances require his testimony. That consideration is particularly true as respects a prosecuting attorney."

█ Here it is apparent that the grand jury did not have a reporter. The minutes of the grand jury introduced into evidence consisted of a hand-written statement signed by the witness. Ordinarily a prosecuting attorney should not be permitted to testify if such testimony can be avoided consistent with the ends of obtaining justice. If other testimony is unavailable or there is the element of surprise, as present here, we are of the opinion that the necessity of circumstances and the ends of justice outweigh a general disapproval of the prosecuting attorney's testifying as a witness.

█ Brown's argument that the Commonwealth did not lay a proper foundation to the introduction of prior inconsistent statements as required by CR 43.08 and Jett v. Commonwealth, Ky., 436 S.W.2d 788 (1969), is refuted by the record which clearly shows specific questions as to prior inconsistent statements.

The judgment is affirmed.

All concur.