537 P.2d 702

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Rockee McCUISTION, Defendant-Appellant.**

**No. 1585.**

Court of Appeals of New Mexico.

June 4, 1975.

Rehearing Denied June 12, 1975.

Certiorari Denied July 2, 1975.

Mary C. Walters, Marchiondo & Berry, P. A., Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Lanny Messersmith, Andrea Buzzard, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

OPINION

SUTIN, Judge.

Defendant was convicted of receiving a stolen vehicle in violation of § 64–9–5, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 2). He appeals. We reverse.

A. *Misconduct of the district attorney denied defendant a fair trial.*

 The State called as a rebuttal witness the assistant district attorney. Sometime after commission of the crime, over strenuous objection, he testified about

being at Ned's Lounge in Albuquerque at ten o'clock in the evening. While there, he was approached by defendant. The statements allegedly made by the defendant were critical to the State's case.

The assistant district attorney made a closing argument for the State. He said in part:

I wouldn't come up here, I can assure you, ladies and gentlemen, and take that stand and fabricate a story like that because that would be perjury. And so if you accept what I said, what he told me, it certainly contradicts what he told the Court when he was on the stand as to how he got that car.

The assistant district attorney argued his own credibility of the jury. This denied the defendant a fair trial.

Under the above circumstances, it is reversible error for a district attorney to be both witness and prosecutor. People v. Spencer, 512 P.2d 260 (Colo.1973); State v. Hayes, 473 S.W.2d 688 (Mo.1971), 53 A.L.R.3d 93 (1971); Frank v. State, 150 Neb. 745, 35 N.W.2d 816 (1949); Annot., Prosecuting Attorney as a Witness in Criminal Case, 54 A.L.R.3d 100, 132–36 (1973).

When a district attorney finds it necessary to testify on behalf of the prosecution, he should withdraw and leave the trial of the case to other counsel. State v. Hayes, supra; Annot., 54 A.L.R.3d, supra, at 118–25.

B. *Denial of change of venue not subject to review.*

■ Defendant filed a motion for change of venue. A hearing was held and the motion was denied because the court believed the defendant could obtain a fair trial in Quay County.

Under § 21–5–4, N.M.S.A.1953 (Repl. Vol. 4), upon hearing on the motion, the trial court "shall make findings and either grant or overrule said motion." No such findings were made. Defendant contends this was error.

The defendant made no request for findings and did not submit any requested findings. The absence of findings is waived and is not subject to review. State v. Mosier, 83 N.M. 213, 490 P.2d 471 (Ct. App.1971); State v. Fernandez, 56 N.M. 689, 248 P.2d 679 (1952).

Reversed. Defendant is granted a new trial.

It is so ordered.

WOOD, C. J., and LOPEZ, J., concur.