TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00014-CR






Kendrick Sentell Daniels, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 47,777, HONORABLE MARTHA TRUDO, JUDGE PRESIDING






 Appellant Kendrick Sentell Daniels pleaded guilty to aggravated sexual assault of
a child. Tex. Penal Code Ann. § 22.021 (West Supp. 1998). The trial court assessed punishment
at imprisonment for fifteen years. Daniels presents two issues on appeal complaining that he was
denied due process and effective assistance of counsel based on his attorney's compelled testimony
at his punishment hearing and that the trial court erred in denying his motion for mistrial. We will
affirm.


BACKGROUND


 Daniels was indicted on one count of aggravated sexual assault of a child. On
October 17, 1997, he entered an open plea of guilty to the indictment without a plea bargain. The
trial court concluded that the evidence was sufficient to support the plea, but withheld a finding
of guilt until a presentence report could be prepared.

 The punishment hearing commenced on November 10. The State offered into
evidence by stipulation Daniels's juvenile record for enhancement purposes. Daniels's attorney,
F. Edward Brown, objected, claiming improper certification and authentication. Brown informed
the trial court that he had a discussion with the State about a stipulation regarding the juvenile
record, but that he did not agree to it. Claiming surprise and an inability to locate another witness
to identify and authenticate Daniels's juvenile record, the State called Brown to testify about his
representation of Daniels in the juvenile case. Brown declined to answer the State's questions,
asserting both attorney-client privilege and conflict of interest. The trial court overruled Brown's
objections and instructed him to answer each of the State's questions. Daniels's juvenile record
was subsequently admitted into evidence. 

 After Daniels's juvenile record was admitted, the State requested that he be given
the opportunity to request new counsel in light of the possible conflict of interest arising from
Brown's testimony. Brown requested a recess to confer with Daniels's family, which the trial
court granted.

 When the hearing reconvened on November 26, Daniels presented the trial court
with a motion for mistrial. On direct examination, Daniels testified that he did not wish to waive
his right to assert a conflict of interest. When he was cross-examined, however, Daniels stated
that there was no conflict of interest between him and his attorney and that he desired to have
Brown continue to represent him. The trial court found that Brown's testimony regarding
Daniels's juvenile record did not create a conflict of interest and denied the motion for mistrial. 
The court again admitted the juvenile record over Daniels's objection. On December 1, following
a third recess and after all the evidence was presented, the court found Daniels guilty of
aggravated sexual assault of a child and assessed punishment at fifteen years' imprisonment.


DISCUSSION AND HOLDING


 Daniels contends that his substantial rights were violated when his counsel, Brown,
testified about Daniels's juvenile record. He argues that the trial court compelled Brown to violate
rule 3.08(b) of the Texas Disciplinary Rules of Professional Conduct by testifying against
Daniels. (1) Daniels contends that he was denied effective assistance of counsel because Brown was
placed in the position of having to attack his own credibility in order to contest the admission of
Daniels's juvenile record which was identified and authenticated only through Brown's testimony. 
As a result, Daniels asserts, the trial court effectively deprived Daniels of his ability to contest the
admission of his juvenile record on those grounds. Further, Daniels argues that by overruling
Brown's objections to testifying and by denying his motion for mistrial, the trial court violated
Daniels's right to due process of law.

 The State argues that Daniels failed to preserve error, citing Dinkins v. State, 894
S.W.2d 330, 355 (Tex. Crim. App. 1995), DeBlanc v. State, 799 S.W.2d 701, 718 (Tex. Crim.
App. 1990), and Texas Rule of Appellate Procedure 33.1. Specifically, the State claims that
Daniels failed to object when Brown was called to testify, and that he did not claim that Brown's
testimony would deny him either due process of law or effective assistance of counsel.

 Under the general rule, an objection need only be specific enough to apprise the
trial court of the defendant's complaint. See Lankston v. State, 827 S.W.2d 907, 909 (Tex. Crim.
App. 1992); Young v. State, 826 S.W.2d 141, 150 (Tex. Crim. App. 1991) (on rehearing); Smith
v. State, 930 S.W.2d 227, 229 (Tex. App.--Beaumont 1996, pet. ref'd). "It is only when the
nature of a defendant's complaint is unclear that we should consider his objection waived." Ex
parte Little, 887 S.W.2d 62, 66 (Tex. Crim. App. 1994) (citing Lankston, 827 S.W.2d at 909). 
The reviewing court should reach the merits of a defendant's complaint unless it appears from the
context the defendant failed to effectively communicated his desire. Lankston, 827 S.W.2d at 908-09.

 From our review of the record, it is clear that Brown effectively communicated his
objection to the trial court. Brown objected as soon as he was questioned by the State. Based
upon his refusal to testify and the State's response thereto, the grounds of Daniels's objection were
apparent. After Brown testified and Daniels's juvenile record was admitted, the State requested
that Daniels be given the opportunity to consider firing his attorney:


[PROSECUTOR]: Your Honor, we would further ask the Court that because of
the possible conflict this might have created as Mr. Brown says that the defendant
be given the opportunity if he wishes at this time to move to retain other counsel
or to apply for other counsel if he wishes or to waive any conflict because of Mr.
Brown's testimony. 


The trial court also acknowledged Brown's objection by asking the State if there was a means of
authenticating Daniels's juvenile record other than through Brown's testimony. We find Brown's
objections sufficient to convey Daniels's complaint to the trial court. Accordingly, we conclude
that error was properly preserved and we will address the merits of Daniels's issues on appeal.

 The basis of Daniels's complaint on appeal is the alleged violation of rule 3.08 of
the Disciplinary Rules of Professional Conduct. Daniels argues that his attorney's compelled
violation of rule 3.08 alone denied him of due process and effective assistance of counsel. Rule
3.08 is designed primarily to insure the testifying lawyer's client is not harmed when his lawyer
assumes dual roles of advocate and witness. Tex. Disciplinary R. Prof. Conduct 3.08, comments
1-10; House v. State, 947 S.W.2d 251, 253 (Tex. Crim. App. 1997). A violation of rule 3.08
does not require reversal, however, unless a defendant can show the violation affected his
substantial rights or deprived him of a fair trial. Brown v. State, 921 S.W.2d 227, 230 (Tex.
Crim. App. 1996).

 Daniels fails to establish the alleged violation of rule 3.08 affected his substantial
rights or deprived him of a fair trial. Immediately following his counsel's testimony, the State
gave Daniels the opportunity to hire a new attorney or have one appointed for him. Daniels
requested a recess to consider the offer. When his punishment hearing resumed, Daniels testified
that he did not wish to fire his attorney and that there was no conflict of interest between him and
his counsel.

 Daniels pleaded guilty to aggravated sexual assault of a child. The State used
Brown's testimony to introduce Daniels's juvenile record into evidence for enhancement purposes
only. The trial court admitted Daniels's juvenile record; however, it does not appear that his
sentence was enhanced by it. (2) Having found no harm or showing that Daniels's substantial rights
were affected by his counsel's testimony, we overrule all issues presented on appeal.

 The judgment of the trial court is affirmed.



 

 J. Woodfin Jones, Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Affirmed

Filed: October 29, 1998

Do Not Publish

1. Rule 3.08 provides in pertinent part:


(b) A lawyer shall not continue as an advocate in a pending adjudicatory proceeding
if the lawyer believes that the lawyer will be compelled to furnish testimony that
will be substantially adverse to the lawyer's client, unless the client consents after
full disclosure.


Tex. Disciplinary R. Prof. Conduct 3.08(b) (State Bar Rules art. 10, § 9).
2. A co-defendant, who did not have a prior record, received the same sentence as Daniels. 


ed his desire. Lankston, 827 S.W.2d at 908-09.

 From our review of the record, it is clear that Brown effectively communicated his
objection to the trial court. Brown objected as soon as he was questioned by the State. Based
upon his refusal to testify and the State's response thereto, the grounds of Daniels's objection were
apparent. After Brown testified and Daniels's juvenile record was admitted, the State requested
that Daniels be given the opportunity to consider firing his attorney:


[PROSECUTOR]: Your Honor, we would further ask the Court that because of
the possible conflict this might have created as Mr. Brown says that the defendant
be given the opportunity if he wishes at this time to move to retain other counsel
or to apply for other counsel if he wishes or to waive any conflict because of Mr.
Brown's testimony. 


The trial court also acknowledged Brown's objection by asking the State if there was a means of
authenticating Daniels's juvenile record other than through Brown's testimony. We find Brown's
objections sufficient to convey Daniels's complaint to the trial court. Accordingly, we conclude
that error was properly preserved and we will address the merits of Daniels's issues on appeal.

 The basis of Daniels's complaint on appeal is the alleged violation of rule 3.08 of
the Disciplinary Rules of Professional Conduct. Daniels argues that his attorney's compelled
violation of rule 3.08 alone denied him of due process and effective assistance of counsel. Rule
3.08 is designed primarily to insure the testifying lawyer's client is not harmed when his lawyer
assumes dual roles of advocate and witness. Tex. Disciplinary R. Prof. Conduct 3.08, comments
1-10; House v. State, 947 S.W.2d 251, 253 (Tex. Crim. App. 1997). A violation of rule 3.08
does not require reversal, however, unless a defendant can show the violation affected his
substantial rights or deprived him of a fair trial. Brown v. State, 921 S.W.2d 227, 230 (Tex.
Crim. App. 1996).

 Daniels fails to establish the alleged violation of rule 3.08 affected his substantial
rights or deprived him of a fair trial. Immediately following his counsel's testimony, the State
gave Daniels the opportunity to hire a new attorney or have one appointed for him. Daniels
requested a recess to consider the offer. When his punishment hearing resumed, Daniels testified
that he did not wish to fire his attorney and that there was no conflict of interest between him and
his counsel.