COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

RIGOBERTO GALLEGOS,                               )
) No. 08-05-00081-CR
                                    Appellant,                        )
) Appeal from the
v.                                                                          )
) 168th District Court
THE STATE OF TEXAS,                                   )
) of El Paso County, Texas
                                    Appellee.                          )
) (TC# 20030D00997)
)


O P I N I O N

            Rigoberto Gallegos was indicted for one count of aggravated sexual assault of a child
(“Count I”) and two counts of indecency with a child. At the close of the State’s case-in-chief,
Appellant requested an instructed verdict as to Count I, which was granted. The jury found
Appellant guilty of the indecency offenses, Counts II and III, as charged in the indictment and
assessed punishment at 15 years’ imprisonment. Appellant raises four issues on appeal, in which
he claims the State engaged in bad faith prosecutorial misconduct, argues that the trial court erred
in denying his motion for new trial, and asserts the trial judge was not impartial and was
motivated by bias throughout the trial process in violation of his due process rights. We affirm.
            The complainant, Suinmey Alvarado, was twenty-three years’ old at the time of trial. She
testified that when she was in the second grade, she and her mother lived with Appellant and his
wife, Ms. Alvarado’s maternal aunt, in El Paso, Texas. At the time, Ms. Alvarado’s mother,
Maria Licon, traveled to Albuquerque approximately one week each month for work. During the
times when her mother was out of town, Appellant would come into Ms. Alvarado’s bedroom at
night and place her hand on his penis and masturbate, rub his penis against her, and touch her
genitals. These events would happen every time her mother would go out of town. 
Ms. Alvarado was afraid of Appellant and did not tell any of her teachers. Eventually, she and
her mother moved out of the shared apartment. However, Ms. Alvarado would still see
Appellant at family gatherings which occurred about four times a year. Some years later, when
Ms. Alvarado was in the fifth grade, she went to her grandmother’s house and while her mother
and aunt were away, Appellant came into the bedroom and penetrated her vagina with his fingers. 
Ms. Alvarado’s grandmother lived in Juarez, Mexico. When her mother returned that night,
Ms. Alvarado told her what had happened. Her mother then confronted her aunt, causing a rift in
the family. Ms. Alvarado’s stepfather later found out about the sexual abuse and stopped all
visits and contact with Appellant and other family members. Ms. Alvarado suffered emotionally
and later in life sought counseling. After speaking with a counselor, Ms. Alvarado filed a police
report against Appellant.
            Ms. Licon recalled the incident in Mexico, testifying that she returned to her mother’s
house to find her daughter crying in the bathroom. When she asked her what was wrong,
Ms. Alvarado told her that Appellant had touched her. Ms. Licon confronted her sister,
Appellant’s wife, but she refused to believe the allegations. Because of family pressure,
Ms. Licon never contacted the police. Ms. Licon confirmed that her mother’s house is in Juarez,
Mexico.
            Appellant testified in his defense and denied ever touching Ms. Alvarado inappropriately. 
Family members and friends testified to their disbelief about the allegations and the lack of
opportunity for Appellant to commit the offenses.
PROSECUTORIAL MISCONDUCT
            In his first two issues, Appellant contends that the State prosecutors engaged in bad faith
prosecutorial misconduct. First, Appellant asserts that the prosecutors committed prosecutorial
misconduct in procuring Count I of the indictment, which they knew from the available evidence
had allegedly occurred in Mexico, but they nevertheless did so as a trial tactic to inflame and
prejudice the jury. Second, Appellant claims the prosecutors misled the trial court into
committing fundamental error by remaining silent on the jurisdiction issue during the hearing on
the motion to quash Count I. On appeal, Appellant asserts that the prosecutors’ conduct violated
Rules 3.03 and 3.09 of the Texas Disciplinary Rules of Professional Conduct and tainted the
entire trial process, which constitutes fundamental error not subject to any harm analysis.
            Appellant filed a pretrial motion to quash Count I of the indictment, asserting that the trial
court had no jurisdiction over the offense alleged in Count I because Brady exculpatory evidence
showed that the alleged offense occurred in Cuidad Juarez, Mexico. At the motion hearing,
defense counsel argued that the Brady evidence, namely Ms. Alvarado’s statement to police, in
which she alleged digital penetration occurred at her grandmother’s house, and Ms. Licon’s
statement, in which she indicated her mother’s house was in Juarez, showed as a matter of law
that the trial court lacked territorial jurisdiction. The trial court, however, ruled that the issue of
where the offense was committed was an issue to be decided by the trier of fact at trial. During
the hearing, the trial court did not ask the State prosecutor to respond to defense counsel’s
assertions regarding the trial court’s jurisdiction over Count I.
            Prior to the start of trial, the State filed notice of intent to offer evidence of extraneous
offenses, which included the acts alleged in Counts I, II, and III in the indictment. The State also
filed notice of its intent to offer the outcry testimony of Ms. Licon. Ms. Alvarado and Ms. Licon
testified without objection regarding the incident alleged in Count I. As previously noted, the
trial court granted Appellant’s motion for an instructed verdict of not guilty as to Count I. 
During cross-examination of Appellant, the trial court permitted the State to question Appellant
about the incident in Mexico because notice had been given as an extraneous offense.
            In the first prosecutor’s closing argument, she noted that Count I was not before the jury
because the evidence showed that it happened in Juarez, Mexico. Specifically, the prosecutor
stated:
But I don’t want you to think that you cannot consider the evidence of
what happened in Mexico because under the law in a case like this, the entire
relationship between the Defendant and the complainant is relevant. And you are
entitled to consider it in considering the other two counts. But I didn’t want you
to think, oh, well, I know one of these happened in Mexico, so it’s not right. The
count that happened in Mexico is not part of this anymore and you don’t have to
worry about it, okay?

Likewise, the second prosecutor’s closing argument stressed that Count I was no longer before
the jury and not in the charge. The second prosecutor then stated:
And why? We cannot prosecute Mexican crimes. One, that doesn’t mean that it
didn’t happen, and, two, that doesn’t mean that you can’t consider it to go towards
the relationship that these people had and the evidence that it goes towards.

Defense counsel did not object to any of the above statements by the prosecutors.
            Appellant was found guilty of Counts II and III and sentenced in open court on
February 1, 2005. On February 7, Appellant filed a motion for new trial based solely on
prosecutorial misconduct in procurement of Count I in the indictment. Appellant issued
subpoenas for Assistant District Attorneys Rick Locke and Kevin Shulz to appear at the motion
for new trial hearing set for March 11. On March 10, the trial court held a hearing on the State’s
motions to quash the subpoenas. At that hearing, Appellant’s counsel conceded that the evidence
of the Juarez incident was admissible as outcry testimony under Article 38.37 of the Texas Code
of Criminal Procedure. Instead, defense counsel challenged only the prosecutors’ conduct in
procuring the indictment and their defense and prosecution of Count I, for which they must have
known there was no evidence that it occurred in El Paso County or Texas. At the motion for new
trial hearing on the following day, the trial court granted the State’s motion to quash the
subpoenas. The trial court denied Appellant’s motion for new trial, but permitted him to offer a
“bill” regarding the procurement of Count I of the indictment.
            We examine claims of prosecutorial misconduct on a case-by-case basis. Stahl v. State,
749 S.W.2d 826, 830 (Tex.Crim.App. 1988); Perkins v. State, 902 S.W.2d 88, 96 (Tex.App.--El Paso 1995, no pet.). For the first time on appeal, Appellant bases his claims of prosecutorial
misconduct on alleged disciplinary rule violations by the State prosecutors. Pointing to the
comments to Rule 3.09, which provide that a prosecutor’s obligations to refrain from prosecuting
a charge not supported by probable cause is satisfied by the return of a true bill by a grand jury
unless the prosecutor believes material inculpatory information presented to the grand jury was
false, Appellant argues that the grand jury prosecutor must have known that whatever
jurisdictional and venue facts were relied upon by the grand jury for Count I had to be false. See
Tex.Disciplinary R.Prof’l Conduct 3.09 & cmt. 2, reprinted in Tex.Gov’t Code Ann.,
tit. 2, subtit. G app. A (Vernon 2005)(Tex.State Bar R. art. X, § 9). Appellant claims that
prosecutors also violated Rule 3.03 because the State was not candid with the trial court at the
pretrial motion to quash hearing in that the prosecutor failed to disclose a fact when disclosure
was necessary and did thereby facilitate the commission of a fraudulent act, that is, leading the
court to commit reversible error. See Tex.Disciplinary R.Prof’l Conduct 3.03.
            At no time in the trial court did Appellant ever allege that prosecutors had violated any
disciplinary rules, thus Appellant’s complaint on appeal does not comport with specific
objections made in the trial court. See Tex.R.App.P. 33.1(a); Broxton v. State, 909 S.W.2d 912,
918 (Tex.Crim.App. 1995)(point of error must correspond to an objection made at trial). 
Regardless, violations of the disciplinary rules are not grounds for reversal of a criminal
conviction unless the defendant can show the alleged disciplinary rule violation affected his
substantial rights or deprived him of a fair trial. See House v. State, 947 S.W.2d 251, 252
(Tex.Crim.App. 1997), citing Brown v. State, 921 S.W.2d 227, 229-30 (Tex.Crim.App. 1996). If
a defendant cannot show actual prejudice from an alleged disciplinary rule violation by the State,
then he will not be entitled to relief on appeal. Id. at 253.
            Here, the evidence presented at trial established that the penetration incident alleged in
Count I occurred in Mexico, and thus the trial court granted Appellant’s motion for an instructed
verdict of not guilty and that count was not submitted to the jury. However, evidence of that
penetration incident was admissible at Appellant’s trial for the two indecency counts because the
State gave notice of its intent to offer instances of digital penetration in its notice of extraneous
offenses pursuant to Article 38.37 and gave notice of its intent to offer Ms. Licon’s outcry
testimony as to the penetration incident pursuant to Article 38.072. Appellant was cross-examined about the alleged digital penetration incident during his case-in-chief after the trial
court ruled it was relevant and admissible under Article 38.37. Indeed, in post-trial proceedings,
Appellant acknowledged that the evidence was admissible at trial. Moreover, without objection,
State prosecutors in closing argument informed the jury that the penetration incident was relevant
and could be considered as evidence bearing on the entire relationship between Appellant and the
complainant. We conclude that Appellant has failed to show any actual prejudice due to the
prosecutors’ conduct because Count I was removed from the indictment, the jury was instructed
to consider only his guilt as to the two indecency counts, and the presentation of evidence was
not significantly affected by the presence of Count I. Therefore, Appellant is not entitled to any
relief due to the alleged violation of Disciplinary Rules 3.03 and 3.09.
            To the extent that Appellant’s complaint is based on alleged prosecutorial misconduct in
the presentation of evidence to the grand jury, we note that the State has no duty to present
exculpatory evidence to a grand jury. See United States v. Williams, 504 U.S. 36, 51, 112
S.Ct.1735, 1744, 118 L.Ed.2d 352 (1992); In re Grand Jury Proceedings, 129 S.W.3d 140, 143-44 (Tex.App.--San Antonio 2003, writ denied); Matney v. State, 99 S.W.3d 626, 629 (Tex.App.--Houston [1st Dist.] 2002, no pet.). If an indictment is valid on its face, such as in this case, we
may not go behind the indictment to determine whether it was properly returned or to review
alleged procedural errors in its presentment. DeBlanc v. State, 799 S.W.2d 701, 706
(Tex.Crim.App. 1990); Perkins, 902 S.W.2d at 101-02. Thus, it would be improper for this
Court to evaluate the adequacy of the evidence presented to the grand jury. Moreover, there is
simply no evidence in the record to support Appellant’s claim that prosecutors misled the grand
jury in its decision to return Count I in the indictment.
            With regard to Appellant’s complaints concerning the trial tactics of the prosecutors, in
particular, the prosecutors’ closing jury arguments, we find that Appellant has failed to preserve
these complaints because he raised no objection at trial. See Cockrell v. State, 933 S.W.2d 73, 89
(Tex.Crim.App. 1996)(defendant’s failure to object to a jury argument forfeits his right to
complain about the argument on appeal).
            Lastly, Appellant asserts that the alleged prosecutorial misconduct in this case was to
such a degree that it tainted the entire trial process and thus, constitutes structural or fundamental
constitutional error that is not subject to any harm analysis. However, acts of nonjudicial
misconduct, including misconduct by the prosecutor, are subject to a harm analysis unless the
misconduct amounted to the complete denial of counsel for the defendant. See Johnson v. State,
169 S.W.3d 223, 229-30 (Tex.Crim.App. 2005), cert. denied, 126 S.Ct. 1355, 164 L.Ed.2d 66
(2006); see also Cain v. State, 947 S.W.2d 262, 264 (Tex.Crim.App. 1997)(“Except for certain
federal constitutional errors labeled by the United States Supreme Court as ‘structural,’ no error
. . . is categorically immune to a harmless error analysis.”). 
            Finding no error, no showing of any misconduct by the prosecutors that rises to the level
of fundamental error, and no actual prejudice from the violation of any disciplinary rule, we
overrule Issues One and Two.
MOTION FOR NEW TRIAL
            In Issue Three, Appellant argues the trial court erred in denying his motion for new trial. 
Specifically, Appellant asserts the trial court applied the wrong statute in identifying the
permissible grounds for a new trial. Denial of a motion for new trial is reviewed under the abuse
of discretion standard. Salazar v. State, 38 S.W.3d 141, 148 (Tex.Crim.App. 2001).
            A motion for new trial must be filed no later than thirty days after sentence is imposed in
open court. Tex.R.App.P. 21.4(a). A motion for new trial cannot be amended after thirty days,
even with leave of the court. Drew v. State, 743 S.W.2d 207, 222-23 (Tex.Crim.App. 1987);
Dugard v. State, 688 S.W.2d 524, 530 (Tex.Crim.App. 1985), overruled on other grounds by
Williams v. State, 780 S.W.2d 802, 803 (Tex.Crim.App. 1989); Belton v. State, 900 S.W.2d 886,
902 (Tex.App.--El Paso 1995, pet. ref’d). Untimely amended motions for new trial cannot form
the basis for an issue on appeal, even if the original motion for new trial is timely. Dugard, 688
S.W.2d at 529-30; Webb v. State, 109 S.W.3d 580, 581 (Tex.App.--Fort Worth 2003, no pet.). 
            Appellant was sentenced on February 1, 2005. Appellant’s motion for new trial was
timely filed on February 7, 2005. On March 11, the same date of the motion for new trial
hearing, Appellant filed an amended motion for new trial. Appellant’s amended motion for new
trial was untimely filed and thus, the trial court was only authorized to consider issues raised in
the original motion for new trial.
            Appellant complains that the trial court erroneously applied Article 40.001 of the Texas
Code of Criminal Procedure in ruling on his motion for new trial because the offenses were
allegedly committed before the effective date of the statutory provision. Article 40.001 provides
that “[a] new trial shall be granted an accused where material evidence favorable to the accused
has been discovered since trial.” See Tex.Code Crim.Proc.Ann. art. 40.001 (Vernon Supp.
2006). We observe that courts have held that former Tex.R.App.P. 30(b)(6) is virtually identical
to Article 40.001 and the same analysis would apply. See Hackleman v. State, 919 S.W.2d 440,
452-53 & n.1 (Tex.App.--Austin 1996, pet. ref’d, untimely filed), citing Moore v. State, 882
S.W.2d 844, 849 (Tex.Crim.App. 1994); Ashcraft v. State, 918 S.W.2d 648, 653 (Tex.App.--Waco 1996, pet. ref’d)(Article 40.001 is essentially a combination of Rule 30(b)(6) and its
predecessor, former Article 40.03(6) of the Code of Criminal Procedure, the current statute has
been applied using the same analysis used to decide cases under the former provisions); see also
Lyon v. State, 885 S.W.2d 506, 518 n.10 (Tex.App.--El Paso 1994, pet. ref’d)(applying former
Rule 30(b)(6) where appellant was convicted of an offense committed prior to the effective date
of Article 40.001). Therefore, the trial court did not apply the wrong standard in determining
whether to grant a new trial.


 Issue Three is overruled. 
IMPARTIAL JUDGE
            In his fourth issue, Appellant asserts that the trial judge was biased against him and in
favor of the prosecution as evinced by the judge’s rulings and comments. Appellant claims the
court’s alleged bias violated his due process rights and constitutes fundamental error. As
evidence of bias, Appellant points to the following instances:
(1)the trial court denied his motion to quash Count I and stated defense
counsel could not proceed “at this time on that issue;” 
 
(2)the trial court failed to ask the prosecutor for his views on Count I during
the hearing on the motion to quash Count I;
 
(3)the trial court’s observation at the March 10 hearing that it would have
quashed Count I had it been made clear at the motion to quash hearing that
the penetration incident alleged in Count I occurred in Mexico;
 
(4)the trial court’s discussion of its recollection of the trial evidence during
the post-trial hearing on the motion to quash the subpoenas, in which the
court commented on the confusion as to the dates and locations of the
alleged incidents, stated that the victim had gone through years of therapy
before filing her complaint, and observed that the evidence of the event in
Juarez would have been admissible as the outcry event; and
 
(5)the trial court applied the wrong standard in denying his motion for new
trial.

            Appellant did not object to any of the trial court’s rulings or its comments on the basis of
judicial bias or prejudice by the court. Failure to raise a contemporaneous objection generally
results in failure to preserve error for appellate review. See Tex.R.App.P. 33.1(a); see also
Brewer v. State, 572 S.W.2d 719, 721 (Tex.Crim.App. 1978)(where no objection is made,
remarks and conduct of the court may not be subsequently challenged unless they are
fundamentally erroneous). Appellant contends, however, that he was severely prejudiced by a
trial riddled with fundamental and structural error, that no instruction could have cured the error. 
We construe Appellant’s contention to be that the rulings and statements by the trial judge were
fundamental error, and therefore, he was not required to object in order to preserve error.
            The United States Supreme Court has identified trial before a trial judge who is not
impartial as structural error that is categorically immune from harm analysis. See Johnson, 169
S.W.3d at 235; High v. State, 964 S.W.2d 637, 638 (Tex.Crim.App. 1998). In Blue v. State, 41
S.W.3d 129 (Tex.Crim.App. 2000)(plurality op.), a plurality of the Court held that the comments
of the trial judge, which tainted the defendant’s presumption of innocence before the venire, were
fundamental error of constitutional dimension and required no objection. Blue, 41 S.W.3d at 132
(Johnson, J., joined by Mansfield, Price, and Holland, JJ.). We first note that a plurality opinion
is not binding precedent. See Jasper v. State, 61 S.W.3d 413, 421 (Tex.Crim.App.
2001)(acknowledging Blue as a plurality opinion that the court was not bound to follow). Even if
Blue were binding, we conclude from our review of the record that none of the court’s comments
or rulings in this case rise to the level of fundamental error, in particular, we observe that none of
the complained-of conduct adversely affected Appellant’s right to a fair trial or improperly
influenced the jury. Therefore, by failing to object to judicial bias during trial proceedings, he
has waived any error. Issue Four is overruled.
            The trial court’s judgment is affirmed. 

November 16, 2006
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), Sitting by assignment, not participating

(Do Not Publish)